IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CYNTHIA ANN D.,

        Plaintiff,

  v.                                  Civil Action No.
                                        6:18-CV-0655 (DEP)

COMMISSIONER OF SOCIAL
 SECURITY,

        Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF | |
| OSTERHAOUT DISABILITY LAW<br>521 Cedar Way, Suite 200<br>Oakmont, PA 15139 | KARL E. OSTERHOUT, ESQ. |
| EAGLIN LAW OFFICE<br>P.O. Box 6033<br>Syracuse, NY 13217 | PAUL B. EAGLIN, ESQ. |
| FOR DEFENDANT | |
| HON. GRANT C. JAQUITH<br>United States Attorney<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | DANIEL S. TARABELLI, ESQ.<br>Special Assistant U.S. Attorney |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g) are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on September 17, 2019, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: September 19, 2019
Syracuse, NY

3

```
               UNITED STATES  DISTRICT COURT
               NORTHERN DISTRICT OF NEW YORK
               ------------------------------------x
               CYNTHIA ANN D.,

                                         Plaintiff,

               vs.                          6:18-CV-655

               COMMISSIONER OF SOCIAL SECURITY,

                                         Defendant.
               ------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on September 17, 2019, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

```
For Plaintiff:     OSTERHOUT DISABILITY LAW
                   Attorneys at Law
                   521 Cedar Way, Suite 200
                   Oakmont, Pennsylvania  15139
                     BY:  KARL E. OSTERHOUT, ESQ.

For Defendant:     SOCIAL SECURITY ADMINISTRATION
                   Office of General Counsel
                   15 Sudbury Street, Suite 625
                   Boston, Massachusetts  02203
                     BY:  DANIEL STICE TARABELLI, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1                    (In Chambers, Counsel present by telephone.)

2            THE COURT: I have before me a request for judicial

3    review of an adverse determination by the Commissioner of

4    Social Security pursuant to 42 United States Code Section

5    405(g).

6            The background -- and I'll just state it briefly

7    because it really doesn't come into play in this case as much

8    as it does in others. The plaintiff was born in January of

9    1963 and is currently 56 years of age. She was 49 years old

10   at the time of the alleged onset of her disability in

11   November of 2012. She lives in VanHornesville, New York in a

12   farmhouse she shares with her mother, although she travels to

13   Florida and spends winters in a trailer in Florida.

14   Plaintiff is a widow. She has a driver's license. She has a

15   high school degree and two years of college education. She

16   worked last in November of 2012. She has worked at a -- as a

17   mental health nurse in an outpatient clinic and as a

18   registered nurse. She testified at page 50 of the

19   administrative transcript she was fired from her last three

20   previous positions.

21           She suffers from both physical and mental

22   conditions. Physically she experiences pain in her lower

23   back, left side, her leg down to her foot, her shoulder, her

24   neck, elbow, and knees, and uses a cane for balance that has

25   been prescribed for her. She suffers from mental conditions

20

including depression, bipolar disorder, anxiety, and affective disorder.

Procedurally, the plaintiff applied for Title II benefits protectively on April 30, 2013, alleging a disability onset date of November 1, 2012. She claimed disability based on bipolar disorder, major depressive disorder, anxiety, sleep apnea, cardiac syndrome X, herniated disks, left arm problems, restless leg syndrome, stomach problems, and arthritis in her spine.

A hearing was conducted on December 9, 2016 by Administrative Law Judge Benjamin Chaykin. A post-hearing brief was submitted on December 19, 2016 by plaintiff's representative, that's Exhibit 8E, that included objections and attachments including, significantly, the attachment that is at issue in this case.

The administrative law judge issued a decision on March 15, 2017 that was unfavorable to the plaintiff. That became a final determination of the agency on April 9, 2018 when the Social Security Administration Appeals Council denied plaintiff's request for judicial -- I'm sorry, for administrative review.

In his decision, ALJ Chaykin applied the familiar five-step sequential test for determining disability, finding at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset date; at step two

1  concluding that plaintiff suffered from left shoulder
2  impingement, degenerative disk disease of the cervical spine,
3  degenerative disk disease of the lumbar spine, affective
4  disorder, and anxiety disorder.
5          Progressing to step three, the ALJ concluded that
6  plaintiff's conditions did not meet or medically equal any of
7  the listed, presumptively disabling conditions set forth in
8  the Commissioner's regulations.
9          The administrative law judge then surveyed the
10 evidence and concluded that plaintiff, despite her
11 conditions, retains the residual functional capacity, or RFC,
12 to perform medium work with exceptions that are set out at
13 page 16 of the administrative transcript, and significantly,
14 one of those is that she have only occasional interaction
15 with supervisors, coworkers, and the public.
16         At step four, plaintiff, it was determined, could
17 not perform her past relevant work given the requirements of
18 those positions.
19         At step five, relying on the testimony of a
20 vocational expert after first concluding that if plaintiff
21 could perform a full range of medium work, she would be not
22 disabled, deemed not disabled based on the Medical Vocational
23 Guidelines or the Grids, and specifically Grid Rules 203.29
24 and 203.22.  Based on the vocational expert's testimony,
25 given the additional limitations, the ALJ concluded that she

1  nonetheless could perform work available in the national
2  economy as a hand packager, as a warehouse worker, and a
3  salvage laborer, and therefore concluded that she was not
4  disabled at the relevant times.
5      Significantly, in his decision, ALJ Chaykin noted
6  at page 21 the objections submitted with the post-hearing
7  brief, Exhibit 8E, and although not specifically referencing
8  the opinions of Ms. Santagati, rejected the arguments and
9  stated that claimant's objections are hereby overruled.
10     As you know, my task is limited, the standard I
11 apply is deferential.  I must determine whether correct legal
12 principles were applied, and secondly, whether the
13 determination is supported by substantial evidence defined as
14 such evidence as a reasonable mind would find sufficient to
15 support a conclusion.
16     There is reference in the brief to a second point
17 which was not included that would have challenged apparently
18 the residual functional capacity finding.  It was not
19 challenged in the brief, however, and any claim that the RFC
20 is not supported by substantial evidence is therefore waived.
21     The key issue here is the vocational expert
22 evidence.  Clearly the Commissioner has the burden at step
23 five to demonstrate the existence of work in the national
24 economy available to a plaintiff.  That can be carried
25 through the testimony of a vocational expert.  I note in this

1  case that the plaintiff did not object to the vocational
2  expert and stipulated to the qualifications of that expert,
3  Nicholas Fidanza.  That's at page 52 of the administrative
4  transcript.
5      Undoubtedly, and I totally agree with plaintiff's
6  counsel that the claimant has the right to confront any
7  evidence presented and to present evidence.  The issue here
8  is contact with supervisors, coworkers, and the public.  The
9  evidence submitted after the hearing was available and
10 generated on October 1, 2015, well before the hearing.  It is
11 a report from Paula Santagati that has been extremely
12 controversial.  The main thesis of the report is that a
13 claimant who can have only occasional contact with coworkers,
14 supervisors, and the public cannot work.  The issue of the
15 interaction with others was clearly -- could be predicted in
16 this case.  Dr. Steven Schaeffer on October 17, 2016, in his
17 treating source statement at page 468, stated with regard to
18 the plaintiff, she has difficulty with social interactions.
19 The prehearing brief that was submitted, that's -- it was
20 document 7E, on November 30, 2016, stated at page 222,
21 pointed out that Dr. Schaeffer opined that Ms. D. cannot work
22 with the general public, coworkers, or supervisors in an
23 appropriate manner.  So this was an issue that could have,
24 should have been foreseen, and clearly the Santagati report
25 was available and if it was to come into play, should have

 1  been presented at the hearing, whether through
 2  cross-examination or otherwise.
 3      At the hearing, the claimant's representative asked
 4  only four questions of the administrative -- of the
 5  vocational expert, none of which -- well, actually three
 6  because the the fourth says, "Okay, okay, thank you."  None
 7  involved Ms. Santagati or the issue of the occasional
 8  contact.
 9      So in my view, the failure to raise it at the
10  hearing constituted a waiver, and I agree with courts that
11  have found such a waiver.  There was one decision from
12  August 26, 2019, *Robberts v. Commissioner of Social Security*,
13  2019 WL 4023549, it is from the Southern District of Ohio; a
14  waiver under similar circumstances was also found in *Keehl v.*
15  *Commissioner of Social Security*, 2018 WL 4352155, from the
16  Western District of Michigan.
17      The plaintiff relies on the Hearings Appeals and
18  Litigation Law manual of the agency, or HALLEX, Section
19  I-2-6-74(B).  That section, however, only requires an
20  administrative law judge to address objections made on the
21  record during the hearing, and these objections now under
22  consideration do not fall within that definition.
23      I note also, as cases have -- are unanimous in
24  stating the HALLEX does not impose obligations, it does not
25  have the force of law, and it does not impose any obligations

25

1  on the court.  But in any event, it was not violated.  And
2  *Robberts*, again, stands for that proposition.  Whether this
3  case is decided under HALLEX, due process, fundamental
4  fairness, I find that the administrative law judge ruled on,
5  and overruled plaintiff's objections, and it's unfortunate
6  that it was, that Ms. Santagati's expert report was not
7  referenced but it is explicit that the administrative law
8  judge did reject the objections.  So the vocational expert's
9  testimony in this case supports the determination of the
10 administrative law judge.
11          I note that many, many cases find Ms. Santagati's
12 report unreliable.  It is general, it does not speak to the
13 specifics of this situation and this case as did the
14 hypothetical that was posed to the vocational expert at the
15 time of the hearing.
16          I find that there is -- due process is not
17 offended.  Due process requires a full and fair hearing; it
18 was received by the plaintiff.  The fact that she did not
19 receive a fuller explanation of the denial of her objections
20 does not offend due process, and *Keehl*, the case I cited
21 earlier, stands for that proposition.  So I am following the
22 cases that were cited earlier, *Robberts*, *Keehl*, and also
23 *Kidd*, which is reported at 2018 WL 3040894, it is from the
24 Eastern District of Kentucky from 2018.
25          And I find that the administrative law judge was

1  not required to convene a second hearing, was not required to
2  address specifically the Santagati report which should have
3  been presented at the time of the hearing.
4          So I will grant judgment on the pleadings to the
5  defendant and will issue a short form order and attach this
6  transcript explaining my reasoning.  Thank you both for
7  excellent presentations, hope you have a good evening.
8          MR. OSTERHOUT:  Thank you, your Honor.
9          MR. TARABELLI:  Thank you, your Honor.
10              (Proceedings Adjourned, 3:44 p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
1    CERTIFICATE OF OFFICIAL REPORTER
2
3
4         I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                   Dated this 18th day of September, 2019.
17
18
19                         /S/ JODI L. HIBBARD
20                         JODI L. HIBBARD, RPR, CRR, CSR
                           Official U.S. Court Reporter
21
22
23
24
25
```

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547